UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZURVITA, INC.,
ZURVITA HOLDINGS, INC.,

   Plaintiffs,

v.                                     Case No. 8:18-cv-02480-T-02CPT

WEI XU, CATARINO PARDO,
DEFENG CHEN, QING LI, SIMON LI,
JASON SHARPE, BRITTANY CHRANE,
JIAZHENG YIN, STOIAN ANNASTASOV,
XIAOYONG CHI, JUAN MORENO,

     Defendants.
_____/

## ORDER

This matter comes to the Court on Defendant Brittany Chrane's Motion to Dismiss, Alternatively, Motion to Transfer Venue. Dkt. 33. Plaintiff has not responded and therefore the motion is unopposed. The Court **GRANTS** the motion and dismisses Plaintiff's Complaint against Defendant Chrane. Dkt. 1.

## BACKGROUND

Plaintiff Zurvita, Inc. ("Zurvita") sells nutritional supplements through independent consultants. Dkt. 1 ¶¶ 28-29. Each Defendant is such a consultant. *Id.* ¶ 64. According to Plaintiffs, Defendant Chrane lives in Texas. *Id.* ¶ 8. Plaintiffs

are incorporated in Delaware with Zurvita's principal place of business in Houston, Texas. *Id.* ¶ 1. Plaintiffs do business in Florida. *Id.*

Plaintiffs allege each Defendant "knowingly and deliberately sells products bearing Zurvita's registered trademarks to consumers in the State of Florida and throughout the United States." *Id.* at 2-5. Defendant Chrane, specifically, did so through her "Amazon account under the name 'Skin Solutions.'" *Id.* ¶ 8.

In their Complaint, Plaintiffs bring a number of federal and state claims against Defendants for "misappropriating Zurvita's trademarks by engaging in the unauthorized and unlawful sale of products bearing Zurvita's federally registered trademarks. Defendants are selling materially different or non genuine products bearing Zurvita trademarks at substantially reduced prices that are not warranted by Zurvita or subject to Zurvita's quality controls and are misleading and deceiving consumers and harming Zurvita and its Independent Consultants." *Id.* at 2.

On January 14, 2019, Defendant Chrane moved to dismiss the Complaint for lack of personal jurisdiction or, in the alternative, transfer venue under Rules 12(b)(6) and 12(b)(3) of the Federal Rules of Civil Procedure. Plaintiffs have not responded and therefore do not oppose the motion.

## LEGAL STANDARD

Plaintiffs bear the burden of "establishing a *prima facie* case of personal jurisdiction over a nonresident defendant." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002) (citation omitted). Where the defendant "submits affidavits to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Id.* at 1269 (citation omitted). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. *Id.* (citation omitted).

## DISCUSSION

The Court's inquiry is two-fold: "(1) whether personal jurisdiction exists over the nonresident defendant . . . under Florida's long-arm statute, and (2) if so, whether that exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (citation omitted).

Plaintiffs argues personal jurisdiction exists because Defendant Chrane committed a "tortious act within this state," namely trademark infringement, under section 48.193(1)(a)(2), Florida Statutes. Dkt. 1 ¶¶ 13, 19. In support, Plaintiffs rely on three allegations "(a) Defendants maintain and operate websites that are

3

accessible to residents of the State of Florida [through] which they actively advertise and promote the infringing products; (b) Defendants have purposefully availed themselves of the benefits and protections of Florida law by doing and transacting business in this forum; and (c) Defendants have extensive, systematic and continuous contacts with this forum." *Id.* ¶ 15.[1]

To be sure, the U.S. Court of Appeals for the Eleventh Circuit has held that section 48.193(1)(a)(2) reaches a "nonresident defendant who commits a tort outside of the state that causes injury inside the state." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) (citation omitted). But *Lovelady* involved a trademark infringement suit for misappropriation of name and likeness and was expressly limited to its facts. *Id.* at 1282-83, 1288 n.8.[2]

This case is more like *Blue Water Int'l, Inc. v. Hattrick's Irish Sports Pub, LLC*, No. 8:17-cv-1584-T-23AEP, 2017 WL 4182405 (Sept. 21, 2017) where an establishment's Facebook, Twitter, Yelp, and TripAdvisor website pages included an allegedly infringing mark. 2017 WL 4182405, at *1. In finding no tortious conduct in Florida, the court reasoned that *Lovelady* was inapplicable in the

---

[1] To the extent that Plaintiffs argue for the application of section 48.193(1)(a)(1) or general jurisdiction, neither is availing. There is no factual, non-conclusory allegation of any factor suggested by *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 783 (11th Cir. 2014), or, despite the legal conclusion, "substantial and not isolated activity" or "systematic and continuous contacts with this forum," Fla. Stat. § 48.193(2); *see also Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (citation omitted).
[2] The appellate court did revisit *Lovelady* in *Louis Vuitton* but did not need to decide that case on the accessibility of a website in Florida alone. There, the plaintiff had alleged additional tortious conduct in the State that satisfied the statute. *Louis Vuitton*, 736 F.3d at 1354.

absence of sales through the websites. *Id.* at *2. The court also noted decisions for the proposition that selling products on a website is insufficient "to establish personal jurisdiction wherever a person might buy the product (in other words, wherever the Internet is available)." *Id.* at *2 n.7 (citations omitted). "Rather, the defendant's website must sell a 'significant' quantity of goods to people in the forum." *Id.* (citation omitted); *see also Instabook Corp. v. Instantpublisher.com*, 469 F. Supp. 2d 1120, 1126-27 (M.D. Fla. 2006).

Here, the Complaint only alleges in conclusory terms that Defendant Chrane "sold to Florida consumers products bearing Zurvita's registered trademarks." Dkt. 1 ¶ 21. Plaintiffs put forth no indication—or for that matter, allegation—of significant sales in Florida. There is, put simply, nothing apart from the maintenance and operation of Defendant Chrane's account on the generally accessible website, Amazon.com.

Plaintiffs also points out that Zurvita has 859 independent consultants in Florida, *id.* ¶ 16, yet none of them are party to this action. The only fact that seems to distinguish Florida from any other venue is that it is home to Zurvita's co-CEO. *Id.* ¶ 26. Plaintiff provides no authority for the proposition that this triggers personal jurisdiction against an out-of-state defendant.

Defendant Chrane's unrebutted declaration makes clear that personal jurisdiction is inappropriate. She stated that she has never resided in Florida, does

not transact business in Florida, does not have a telephone number, mailing address, agents or employees, bank accounts, or property in Florida. Dkt. 33-1 at 1. Defendant Chrane further declared that she has "no knowledge of where the Amazon buyers reside" and has "never sold or marketed products in Florida, other than by making them available on Amazon.com, a website that is accessible world-wide including Florida." *Id.* at 2.

Because Plaintiffs have not satisfied Florida's long-arm statute, the Court need not reach the Due Process inquiry. The case against Defendant Chrane is dismissed.

## CONCLUSION

The Court **GRANTS** Defendant Chrane's Motion to Dismiss. Dkt. 33. Plaintiff's Complaint is **DISMISSED** against Defendant Chrane. Dkt. 1.

**DONE AND ORDERED** at Tampa, Florida, on February 4, 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
All pro se parties